# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**BOBBY-RAY DUBOSE,**

    **Plaintiff,**

v.

**JOHN KASICH,** *et al.,*

    **Defendants.**

**Case No. 2:11-CV-00071**
**JUDGE EDMUND A. SARGUS, JR.**
**Magistrate Judge Norah M. King**

## OPINION AND ORDER

Plaintiff, Bobby-Ray DuBose, brings this action against several Defendants, including state and local government officials, alleging violations of various federal statutes. This matter is before the Court for the consideration of the Motion for Summary Judgment of Defendants City of Gahanna Mayor Becky Stinchcomb ("Mayor Stinchcomb"), Gahanna Police Chief Dennis Murphy ("Chief Murphy"), and Gahanna Mayor's Court Magistrate Donald Breckenridge ("Magistrate Breckenridge") (collectively "the moving Defendants"). (ECF No. 41.) At this time the Court will also consider the Motion to Strike of the moving Defendants. (ECF No. 47.) For the reasons that follow, both Motions are **GRANTED**.

I.

Plaintiff, who brings this action *pro se*, maintains that in December 2010 he sent a "Legal Notice and Demand" to eight people in local, state, and federal government.[1] (Am. Compl. ¶ 9, ECF No. 8.) Plaintiff maintains that this document established his right to travel without government interference. (*See id.*) Plaintiff specifically asserts that he sent this document to

---

[1] Plaintiff attached copies of the Notice and Demand to both his Original and Amended Complaints. (*See* ECF Nos. 2-1, 8-2.)

Defendants Mitchell J. Brown, the Director of the Ohio Department of Health and Public Safety, and Franklin County Sheriff Jim Karnes. (*Id.*) No government officials responded to the demand. (*Id.* at ¶ 10.)

In January 2011, Gahanna Police Officer Phillip J. Stacy pulled over Plaintiff's vehicle.[2] (Mot. Summ. J. Ex. A, ECF No. 41-1.) Plaintiff maintains that upon being pulled over, he handed Officer Stacy a copy of his December 2010 Legal Notice and Demand. (Am. Compl. ¶ 11.) Plaintiff refused to provide any form of identification. (Mot. Summ. J. Ex. A.) Officer Stacy subsequently arrested Plaintiff "for driving under a non-compliance suspension, no operators' license, expired registration, and display of operators' license." (*Id.*) Although Plaintiff's charges original came before the Gahanna's Mayor Court, on January 31, 2011, the case was transferred to the Franklin County Municipal Court. (*See* Mot. Summ J. Ex. B, ECF No. 41-2.)

In January 2011, Plaintiff brought the instant action against the various Defendants. On September 29, 2011, pursuant to Motions to Dismiss, the Court dismissed Defendants Mitchell J. Brown, Antonio Paat, and Governor John Kasich. On November 9, 2011, with the agreement of Plaintiff, the Court dismissed Defendant Karnes.

On April 27, 2012, the moving Defendants filed the current Motion for Summary Judgment. After Plaintiff's Response and Defendants Reply, Plaintiff filed an Objection to Defendants Reply along with a "Second Statement of Facts." Defendants then moved to strike

---

[2] The moving Defendants attached the police report of Officer Stacy to their Motion for Summary Judgment. (Mot. Summ. J. Ex. A, ECF No. 41-1.) Although Plaintiff challenges the police report, he raises only frivolous arguments and does not present evidence putting the substance of the police report in doubt. (*See* Obj. Mot. Summ. J. Ex. A, ECF No. 43.)

2

Plaintiffs' Objection and Second Statement of Facts. Both Motions are now ripe for review.

## II.

Summary judgment is appropriate "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court may therefore grant a motion for summary judgment if the nonmoving party who has the burden of proof at trial fails to make a showing sufficient to establish the existence of an element that is essential to that party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion . . . ."[3] *Id.* at 323. The burden then shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quoting Fed. R. Civ. P. 56). "The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255 (citing *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)). A genuine issue of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Liberty Lobby, Inc.*, 477 U.S. at 248; *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (the requirement that a dispute be "genuine" means that there must be more than "some metaphysical doubt as to the material facts"). Consequently, the central issue is "whether the evidence presents a sufficient

---

[3] As Defendants asserts, there is no express or implied requirement in Rule 56 requiring the movant to make an evidentiary showing "*negating* the opponent's claims." *Celotex*, 477 U.S. at 323. Rather, the Court must simply evaluate whether the standard for summary judgment is satisfied. *Id.*

3

disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Liberty Lobby, Inc.*, 477 U.S. at 251–52.

Finally, although Plaintiff's briefing and citations at times lack clarity, the Court has construed Plaintiff's *pro se* filings liberally. *See Yagley v. Occupat'l Safety & Health Admin., U.S. Dep't of Labor*, 461 F. App'x 411, 414 (6th Cir. 2012) ("Of course, pro se litigants are to be afforded liberal construction of their pleadings and filings.").

### III.

#### A. Motion to Strike

As a preliminary matter, Defendants' Motion to Strike Plaintiff's Objection to Reply and Second Statement of Facts is **GRANTED**. (ECF No. 47.) The Court has the inherent authority and discretion to strike filings and materials that do not comply with the Court's rules. *Ogle v. SAC Home Loans Servicing LP*, No. 2:11–cv–540, 2011 WL 3838169, at *2 (S.D. Ohio Aug.29, 2011). Under S.D. Ohio Civ. Rule 7.2 a nonmovant is limited to a memorandum in opposition unless he or she makes a showing of good cause for further briefing. S.D. Ohio Civ. R. 7.2(a)(2). Here, despite the fact that Plaintiff was able to respond in opposition to Defendants' Motion, he submitted additional briefing after Defendants' Reply. Plaintiff did not seek permission for these filings and there is no good cause for such submissions. Accordingly, Plaintiff's Objection to Defendants' Reply (ECF No. 46) and Second Statement of Facts (ECF No. 48) are **STRICKEN** from the record.

#### B. Motion for Summary Judgment

Upon review, the Court finds that summary judgment is appropriate. Plaintiff has failed to demonstrate the existence of a material issue of fact as to a viable theory of recovery.

4

Plaintiff's claims are difficult to understand. With regard to Magistrate Breckenridge, the Amended Complaint purports to bring claims for "conspiracy against rights" pursuant to 18 U.S.C. § 241 and "[f]ailure of [] authority to prosecute" pursuant to 18 U.S.C. § 4. Neither of these statutes, however, allow for a private civil action. *See, e.g., Defluiter v. Ohio*, No. 2:08–cv–863, 2009 WL 773923, at *1 (S.D. Ohio Mar. 19, 2009) ("[N]o court has concluded that Congress intended to create a private civil right of action in favor of private individuals under 18 U.S.C. § 4.") (Report & Recommendation later adopted); *United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003) (holding that 18 U.S.C. § 241 does not create a private right of action). Additionally, the remaining statutes the Amended Complaint cites do not create independent private causes of action. *See, e.g., Nicole Energy Servs., Inc. v. McClatchey*, No. 2:08–CV–0463, 2010 WL 55718, at *6 (S.D. Ohio Jan. 4, 2010) (holding that 18 U.S.C. § 1001 bars a private right of action); *Drake v. Miller*, No. 3:08CV–552, 2009 WL 1534673, at *2 (W.D. Ky. May 29, 2009) ("28 U.S.C. §§ 1331, 1343, and 1361 are statutes which confer jurisdiction and are not independent causes of action.") Accordingly, Defendant Breckenridge is entitled to judgment as a matter of law.

Mayor Stinchcomb and Chief Murphy are also entitled to judgment as a matter of law. Plaintiff seeks to hold these individuals liable because "[t]hose in positions of authority are responsible for the actions of those under their command and direction." (Am. Compl. ¶¶ 4–5.) As detailed above, the federal statutes Plaintiff identifies do not provide adequate ground for a private cause of action against these Defendants. Moreover, even assuming Plaintiff is attempting to bring claims under 42 U.S.C. § 1983 for the deprivation of rights, such claims fail as a matter of law. "Respondeat superior is not a proper basis for liability under § 1983." *King*

5

*v. Zamiara*, 680 F.3d 686, 696 (6th Cir. 2012) (internal quotations omitted). Consequently, supervisors may be liable under § 1983 "only if they either encouraged the specific incident of misconduct or in some other way directly participated in it." *Id.* (internal quotations omitted). In this case, Plaintiff has failed to plead or produce any evidence that Mayor Stinchcomb and Chief Murphy had any direct role in the conduct at issue.

Plaintiff's Amended Complaint also purports to state a claim for violation of an admiralty contract based on his December 2010 Legal Notice and Demand. Plaintiff's contract theory has no colorable basis based on the facts he presents. Regardless, neither the pleadings or evidence reflect that the moving Defendants had anything to do with Plaintiff's Notice and Demand. Based on the current record and evidence, a reasonable jury could not find against any of the moving Defendants on such a theory.

Within his briefing—instead of responding to Defendants' contentions—Plaintiff sets forth his own versions of various "sovereign citizen" theories. Such theories involve the alleged corporate status of Ohio and the United States; the relationship between the yellow fringe on the United States flag and admiralty jurisdiction; and the effect of capitalizing the letters of his name. Plaintiff ultimately maintains that he does not have a contract with either Ohio or the United States and, therefore, does not have to follow government laws. Needless to say, such theories do nothing to demonstrate a triable issue of material fact as to Plaintiff's claims against the moving Defendants. Moreover, federal courts have routinely recognized that such theories are meritless and worthy of little discussion. *See, e.g., U.S. ex rel. Goldsmith v. Schreier*, No. CIV. 12–4155, 2012 WL 4088858, at *4 (D.S.D. Sept. 17, 2012) ("Other courts have noted the sovereign citizen theory has been consistently rejected . . . ."); *United States v. Amir*, No.

6

1:10CR439, 2010 WL 5014451, at *1 (rejecting as frivolous Defendant's argument that he was a "private natural man and real person" and therefore not subject to the laws of the Untied States); *United States v. Ward*, 182 F.3d 930, 1999 WL 369812, at *2 (9th Cir. 1999) (table) (rejecting sovereign citizen argument as frivolous and undeserving of "extended argument"); *Eidson v. Burrage*, 113 F. App'x 860, 862 (10th Cir. 2004) (holding that a plaintiff's "yellow fringe flag" arguments were "indisputably meritless").

## IV.

For the foregoing reasons, the moving Defendants' Motion for Summary Judgment (ECF No. 41) and Motion to Strike (ECF No. 47) are **GRANTED**. The Clerk is **DIRECTED** to terminate Defendants City of Gahanna Mayor Becky Stinchcomb, Gahanna Police Chief Dennis Murphy, and Gahanna Mayor's Court Magistrate Donald Breckenridge from this action. Plaintiff's claims against Timothy J. Shriner and Jim Shriner remain pending. Within their Motion for Summary Judgment, the moving also requested an award of reasonable attorney's fees. The Court will not award such relief at this time. Defendants are free to separately move for attorney's fees pursuant to Federal Rule of Civil Procedure 54(d)(2).

**IT IS SO ORDERED.**

1-15-2013
**DATE**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**