UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**BOBBY-RAY DUBOSE,**

    **Plaintiff,**

                                           Case No. 2:11-CV-00071
v.                                         JUDGE EDMUND A. SARGUS, JR.
                                           Magistrate Judge Norah M. King

**JOHN KASICH,** *et al.,*

    **Defendants.**

## ORDER

On January 15, 2013 the Court issued an Opinion and Order granting the Motion for Summary Judgment of Defendants Becky Stinchomb, Dennis Murphy, and Donald Breckenridge. Consequently, Defendants Timothy J. Shriner and Jim Shriner, owners of Broad and James Towing, are the only remaining active Defendants.

On January 18, 2013, the Court notified Plaintiff, pursuant to Federal Rule of Civil Procedure 56(f), that the Court was considering granting summary judgment to Defendants Timothy J. Shriner and Jim Shriner. The Court granted Plaintiff twenty-one days to submit briefing and evidence demonstrating a genuine issue of material fact as to Plaintiff's claims against the remaining Defendants. The Court cautioned Plaintiff that failure to respond could result in dismissal. As of the date of this Order, Plaintiff has not responded to the Court's Rule 56(f) notice.

As detailed in the Court's January 15, 2013 Opinion and Order, this case involves a January 2011 traffic stop. Plaintiff was ultimately arrested "for driving under a non-compliance suspension, no operator's license, expired registration, and display of operators' license." (Mot.

Summ. J. Ex. A, ECF No. 41-1.) As a result of Plaintiff's arrest, his vehicle was impounded. (*Id.*) Plaintiff purports to bring federal causes of action against Defendants Timothy J. Shriner and Jim Shriner, as owners of Broad and James Towing, based on the towing of his vehicle arising from this traffic stop.[1] Plaintiff specifically cites 18 U.S.C. § 1001, 18 U.S.C. § 241, and 18 U.S.C. § 875 as the basis for his causes of action against these Defendants.

Upon review of the record evidence, the Court finds that Plaintiff has not established any genuine factual dispute on a viable theory of recovery against the remaining Defendants. First, the federal statutes Plaintiff cites do not create private causes of actions. *See Nicole Energy Servs., Inc. v. McClatchey*, No. 2:08–CV–0463, 2010 WL 55718, at *6 (S.D. Ohio Jan. 4, 2010) (holding that 18 U.S.C. § 1001 bars a private right of action); *United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003) (holding that 18 U.S.C. § 241 does not create a private right of action); *Chadda v. Mullins*, No. 10–4029, 2010 WL 4484622, at *2 (E.D. Pa. Nov. 9, 2010) ("18 U.S.C. § 875 does not authorize a private cause of action, therefore, it does not provide a basis for federal question jurisdiction."). Second, to the extent Plaintiff is pursuing a claim under 42 U.S.C. § 1983, the evidence—including the police report of Officer Phillip J. Stacy—reflects that the Shriner Defendants did not violate Plaintiff's constitutional rights in towing his vehicle. (*See* Mot. Summ J. Ex A.) Plaintiff has failed to produce sufficient evidence, in response to the current evidence, to demonstrate a material issue of fact.

For the foregoing reasons, as well as the reasoning within the Court's January 15, 2013 Opinion and Order, the Court **GRANTS** summary judgment to Defendants Timothy J. Shriner and Jim Shriner pursuant to Federal Rule of Civil Procedure 56(f). The Clerk is **DIRECTED** to

---

[1] To the extent Plaintiff is attempting to bring state law claims against the remaining Defendants, there is no diversity jurisdiction, and the Court declines to exercise supplemental jurisdiction.

terminate Defendants Timothy J. Shriner and Jim Shriner and remove this action from the Court's pending case list.

**IT IS SO ORDERED.**

\_\_4-19-2013_____
**DATE**

_____
**EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE**